**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Ehrlich, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Virtuoso Sourcing Group, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

Complaint - 1

## PARTIES

4. Plaintiff, Amy Ehrlich ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Virtuoso Sourcing Group, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant placed calls to Plaintiff at times it knew, or should have known, to be inconvenient for Plaintiff. Specifically, Defendant placed a call to Plaintiff on May 25, 2011 at 6:28 A.M. local time. (15 U.S.C. § 1692c(a)(1)). [Defendant sent an initial dun letter and settlement offer to Plaintiff at her Arizona address, and thus had actual knowledge that Plaintiff resided in Arizona].

12. In connection with the collection of an alleged debt, Defendant placed a telephone call to Plaintiff on May 24, 2011 at 11:40 A.M., and at such time, left a voicemail message for Plaintiff in which Defendant failed to disclose its true corporate and/or business name, and further failed to notify Plaintiff that the call was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

13. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of July, 2011

    By: s/ Marshall Meyers
    Marshall Meyers (020584)
    WEISBERG & MEYERS, LLC
    5025 North Central Ave., #602
    Phoenix, AZ 85012
    602 445 9819
    866 565 1327 facsimile
    mmeyers@AttorneysForConsumers.com
    Attorney for Plaintiff