**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Ehrlich, | ) Case No. 2:11-cv-01490-FJM |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S FIRST AMENDED** |
| | ) **COMPLAINT AND TRIAL BY JURY** |
| vs. | ) **DEMAND** |
| | ) |
| Virtuoso Sourcing Group, LLC, Dale | ) |
| Bissette and Judith A. LaSpada, | ) |
| | ) |
| Defendants. | ) |

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

# PARTIES

4.      Plaintiff, Amy Ehrlich ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Virtuoso Sourcing Group, LLC ("VSG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendants, Dale Bissette (Bissette) and Judith A. LaSpada ("LaSpada") are individuals who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      Upon information and belief, Bissette and LaSpada:

   a. were regularly engaged, directly and indirectly in the collection of Plaintiff's     debt.

   b. were personally involved in the collection of Plaintiff's debt.

   c. were materially involved in the collection of Plaintiff's debt.

   d. materially participated in VSG's debt collection activities.

   e. were involved in the day-to-day operations of VSG's debt collection business.

   f. exercised control over the affairs of VSG's debt collection business.

9. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11. Virtuoso Sourcing Group, LLC, Dale Bissette and Judith A. LaSpada ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.    In connection with the collection of an alleged debt, Defendants placed calls to Plaintiff at times it knew, or should have known, to be inconvenient for Plaintiff. Specifically, Defendants placed a call to Plaintiff on May 25, 2011 at 6:28 A.M. local time.  (15 U.S.C. § 1692c(a)(1)).  [Defendants sent an initial dun letter and settlement offer to Plaintiff at her Arizona address, and thus had actual knowledge that Plaintiff resided in Arizona].

16.    In connection with the collection of an alleged debt, Defendants placed a telephone call to Plaintiff on May 24, 2011 at 11:40 A.M., and at such time, left a voicemail message for Plaintiff in which Defendants failed to disclose its true corporate and/or business name, and further failed to notify Plaintiff that the call was from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11)).

17.    Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**DEFENDANT VSG**

18.     Plaintiff repeats and re-alleges each and every allegation contained above.

19.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated the FDCPA;

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT BISSETTE**

20.     Plaintiff repeats and re-alleges each and every allegation contained above.

21.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g)  Adjudging that Defendant violated the FDCPA;

    h)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT LASPADA

22.   Plaintiff repeats and re-alleges each and every allegation contained above.

23.   Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m)   Adjudging that Defendant violated the FDCPA;

n)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

q)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r)   Awarding such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of September, 2011

By: <u>s/ Marshall Meyers</u>
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff